### ISLAMIC REPUBLIC OF IRAN BROADCASTING, a/k/a, IRIB, Appellant,

v.

### SOTHEBY PARKE BERNET, INC.

v.

### N.K. BEHROOZIAN, et al.

### No. 87–7056.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 19, 1987.

Decided Feb. 5, 1988.

---

Thomas G. Corcoran, Jr., with whom Louis E. Emery, Washington, D.C., was on the brief for appellant.

Skip Short, with whom Jacob Dweck, Washington, D.C., was on the brief for appellees.

Before MIKVA and WILLIAMS, Circuit Judges, and GORDON,* Senior District Judge.

Opinion for the Court filed by Senior District Judge MYRON L. GORDON.

MYRON L. GORDON, Senior District Judge:

This property dispute arises out of unusual circumstances involving power struggle and property confiscation shortly after the Iranian revolution. Prior to the revolution, an agency of the Shah's government, National Iranian Radio and Television, pur-

chased two violins and two bows from a dealer in New York, Jacques Francais. Jacques Francais eventually spotted a description of one of the violins, the Burmester Stradivarius, in an auction catalogue issued by Sotheby Parke Bernet, Inc. [Sotheby's], but the catalogue description failed to indicate that National Iranian Radio and Television had been an owner. Mr. Francais reported this deficiency to Sotheby's as well as to the Iranian delegation at the United Nations. Sotheby's subsequently withdrew the violin from its auction.

The post-revolution successor to National Iranian Radio and Television, Islamic Republic of Iran Broadcasting [IRIB], filed a complaint against Sotheby's in the district court for the District of Columbia seeking resolution of competing ownership claims. Sotheby's interpleaded the parties for whom it intended to sell the violin: N.K. Behroozian and Jerry Abitbol.

Following a jury trial, a judgment was entered in favor of the third-party defendants in the amount of $15,000 for their disparagement of property and tortious interference with contract counterclaim. The plaintiff has appealed to this court contending that a number of factual and procedural matters require reversal. Because we conclude that IRIB's arguments on appeal do not warrant divergence from the jury's disposition of this case, we affirm.

The Burmester Stradivarius was consigned to Sotheby's by Mr. Abitbol who was acting as a sales agent for N.K. Behroozian. Mr. Behroozian claims to have purchased the violin in Iran shortly after the revolution at a government auction-type sale conducted by the Mostazafan Foundation [Foundation]. The Foundation was established to sell property confiscated from the Shah, his family and collaborators, and from persons who fled the country at the time of the revolution.

The jury was required to determine who lawfully owns the Burmester Stradivarius: IRIB or Mr. Behroozian and his agents.

* Of the United States District Court for the Eastern District of Wisconsin, sitting by designation pursuant to 28 U.S.C. § 294(d).

IRIB contends that the violin reached the Foundation through illegitimate means. The appellant also contends that the Foundation did not in fact engage in a practice of confiscating property from other government agencies such as National Iranian Radio and Television. The IRIB further asserts that as a matter of law the Foundation could not have transferred legitimate title. Consequently, it urges that either as a matter of fact or law, Mr. Behroozian's title to the violin should have been rejected in favor of the IRIB.

The jury's interpretation of the varied and frequently conflicting documentary evidence and testimony is entitled to great weight. Nothing that the IRIB points out persuades us that the evidence was insufficient to support the jury's verdict. Nor did Judge Bryant's rulings denying summary judgment and directed verdict, or admitting certain evidence, amount to error of such magnitude that we discern any abuse of discretion. We similarly conclude that the judge's charge to the jury was not clearly erroneous and does not warrant reversal.

The IRIB complains that in permitting a French attorney, Christian Bourguet, to testify about general policies of property confiscation prevailing in Iran when Mr. Behroozian consummated his Stradivarius purchase, the district court abdicated its responsibility to determine foreign law. While it is true that Rule 44.1, Federal Rules of Civil Procedure, provides that foreign law is to be determined by the court as a matter of law, *see also Railway Labor Executives' Ass'n v. United States R.R. Retirement Bd.*, 749 F.2d 856, 860 (D.C. Cir.1984), our review of Mr. Bourguet's testimony persuades us that his testimony did not usurp the court's function.

Mr. Bourguet's testimony was primarily descriptive of conditions in Iran, and he was competent to tender such description. Mr. Bourguet represented the government of Iran and various of its agencies after the revolution until late 1982. He visited the country during the period relevant to this case approximately 25 times. He also met with the Revolutionary Council. Based on his personal observations of the country during this time and his experience with government officials, Mr. Bourguet described various lines of authority and viewpoints in the government. He also described the purposes and confiscation operations of the Mostazafan Foundation. It was well within the domain of the jury to consider and evaluate the credibility and relevance of his testimony with respect to these circumstances.

Mr. Bourguet did not describe Iranian law regarding the authority of the Mostazafan Foundation to transfer effective title or to confiscate property from other government agencies like the IRIB. Indeed, his testimony could be characterized as a description of the absence of law.

The law regarding the Foundation's authority to transfer good title was embodied in the jury instruction proffered by the IRIB and ultimately tendered to the jury. Having failed to object to this instruction before the jury retired to consider the case, the IRIB may not now object to Mr. Bourguet's testimony or claim that its suggested instruction was erroneous.

For the reasons set forth above, the judgment of the district court is affirmed.