June **WILLETTE**

v.

Michael C. **FINN**, et al.

No. 91–0675.

United States District Court, E.D. Louisiana.

Nov. 6, 1991.

---

Norman W. Pauli, Jr., Hattiesburg, Miss., Brad Sessums, Young, Scanlon & Sessums, P.A., Jackson, Miss., for plaintiff.

C. William Bradley, Jr., Lemle & Kelleher, New Orleans, La., for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court are the Defendants' Motion to Strike Plaintiff's Expert Witness, and the Plaintiff's Motion for Extension of Time. The purpose of the latter motion is to permit the Plaintiff, Ms. Willette, to tender an expert witness report for the same witness whom the Defendants are attempting to strike. For the reasons set out below, the Defendants' motion is granted, and the Plaintiff's motion is denied as moot.

Ms. Willette seeks to present expert testimony from a witness whom she describes in her opposition to the motion to strike as follows:

Gary L. Boland, Esquire, is the author of a law review article entitled "The doctrines of Lack of Consent and Lack of Informed Consent in Medical Procedures in Louisiana." 45 La.L.Rev. 1 (1984). Mr. Boland's article was cited by the Louisiana Supreme Court in the *Hondroulis* [*v. Schuhmacher*] decision, 553 So.2d 398 (La.1988). Mr. Boland has lectured on the topic of "obtaining informed consent by physicians" to groups including third year medical students at LSU Medical School, as recently as July, 1991.

Ms. Willette contends that testimony on the law from a witness with these qualifications is necessary because the "legal concept of accomplishing 'informed consent' in a medical negligence case is complex in nature."

In her opposition, Ms. Willette correctly notes that the Federal Rules of Evidence do not expressly prohibit expert testimony on the state of the law governing the merits of a case. Fed.R.Evid. 704(a) states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Moreover, Fed.R.Evid. 702 provides that expert opinion is admissible when it will assist the factfinder "to understand the evidence or to determine a fact in issue...." Ms. Willette argues that the expert testimony Mr. Boland can provide

would have this effect due to his extensive knowledge of the relevant law.

The Court disagrees. Expert testimony on governing law probably would have the opposite effect, at least in jury trials such as the one at bar. Ms. Willette's motion implies an incorrect view of the relationship among the judge, the jury, and the witnesses in a trial. "It is not for witnesses to instruct the jury as to applicable law, but for the judge." *Marx & Co. v. Diners' Club, Inc.,* 550 F.2d 505, 509–10 (2d Cir.), *cert. denied,* 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977). The pragmatic reasons for this rule are set out below. In light of those reasons, it would be inappropriate to deny the defendants' motion, not least because doing so would promote an erroneous and damaging rule of law. Even a simple case usually admits of at least one arguably intricate legal issue. If expert legal testimony were admitted on that basis in the case at bar, it would be difficult to provide a principled rationale for excluding such testimony in any case where a party could make a threshold showing of "legal complexity."

Presently, certain narrow and well-defined categories do exist within which legal testimony is appropriate. For example, where the state of a certain body of law is a factual rather than a legal question, both expert legal testimony and jury deliberations on the substance of that testimony are often appropriate. This situation occasionally arises in cases where issues of foreign law are of consequence to litigants in American courts. *See Islamic Republic of Iran Broadcasting v. Sotheby Parke Bernet, Inc.,* 839 F.2d 780, 782 (D.C.Cir.), *cert. denied,* 488 U.S. 829, 109 S.Ct. 82, 102 L.Ed.2d 58 (1988); *McCormick on Evidence* § 12, at 31 (E. Cleary Lawyer's 3d ed. 1984). However, for the reasons expressed below, it is inappropriate for this Court to create a new category of admissible legal testimony for "legally complex" jury trials.

If governing law were permitted to become the subject of expert testimony, the nature of the adversarial system dictates that parties frequently would offer conflicting testimony on the same legal subject matter. This Court has observed that experts hired by opposing sides in a lawsuit seldom agree, and it is likely that this observation would apply equally well to legal experts. The average juror, who has no training in legal matters, would likely be confused by the battle of expert legal opinions that would ensue if such testimony were admitted. *United States v. Curtis,* 782 F.2d 593, 599 (6th Cir.1986). If the Court were to adopt the approach that Ms. Willette advocates, jurors would be routinely confronted with what they would perceive to be *three* sets of legal standards: the plaintiff's, the defendant's, and the Court's. Obviously, it is undesirable for jurors to apply any standard but the Court's, and admitting expert legal testimony would pose the risk that jurors would confuse the Court's instructions with the views put forward by the parties' experts.

Likewise, even if only one legal expert were to testify, and no battle of experts were to take place, expert testimony on governing law would constitute an invasion of "the province of the court to determine the applicable law and to instruct the jury as to that law." *United States v. Scop,* 846 F.2d 135, 139 (2d Cir.1988); *accord Adalman v. Baker, Watts & Co.,* 807 F.2d 359, 368 (4th Cir.1986). Within this province, the trial judge is presumed to have special competence, regardless of the complexity of the legal issues involved. *Curtis,* 782 F.2d at 599. Moreover, "the admission of [expert legal] testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case." *Marx & Co.,* 550 F.2d at 510. For these reasons, it has been the practice of most American courts to exclude expert legal testimony regarding governing law. *See McCormick on Evidence* § 12, at 31 (E. Cleary Lawyer's 3d ed.1984).

Expert legal testimony in this case and in most other jury trials would be superfluous at best, and possibly damaging to the effectiveness of the jury's role in our legal system. Such testimony is excludable because whatever value it might have is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or mis-

leading the jury...." Fed.R.Evid. 403. Such testimony is also excludable because it will not "assist the trier of fact to understand the evidence or to determine a fact in issue...." Fed.R.Evid. 702.

Accordingly,

IT IS ORDERED that

(1) Defendants' Motion to Strike Plaintiff's Expert Witness is GRANTED;

(2) Plaintiff's Motion for Extension of Time is DENIED AS MOOT;

(3) The hearing set on the Defendants' Motion to Strike Plaintiff's Expert Witness is CANCELED.